UNITED STATES OF AMERICA )
)
Plaintiff, )
)
vs. )
JOHN W. RINGER ) 3:19cr65
) Case No. 15-03064-CR-S-MDH
Defendant, )

## MOTION TO MODIFY CONDITIONS OF SUPERVIED RELEASE PURSUANT TO 18 u.sc. § 3583 & F.R.Cr.P. RULE 32.1 (c)

JOHN WILLIAM RINGER, Defendant pro se in the above Captioned criminal action, respectfully moves this Court to modify His terms of supervised release as permitted by 18 U.S.C. § 3583 and F.R.Cr. P. Rule 32.1 (c) as follows:

18 U.S.C. § 3583 (c) provides:
> The court may, after considering the factors set forth in section 3553 (a)...
> (2)...may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision F.R.CR.P. Rule 32.1 (c) provides:
>> (1) Before modifying the conditions of probation or supervised release, the court must hold a hearing at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
>> (2) Exceptions. A hearing is not required if:
>>> (A) the person waives the hearing; or
>>> (B) the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
>>> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity

to object, and has not done so.

Movant Ringer is requesting the modification of the following Conditions of supervised release which were imposed in his Judgment And Commitment:

(C) The defendant will not associate or have any contact With persons under the age of 18, except in the presence Of a responsible adult who is aware of the defendant's background and current offense and who has been approved by the Probation Office.

(D) The defendant will neither possess nor have under Control any matter that is pornographic / erotic; or that Describes sexually explicit conduct, violence towards Children or child pornography [as described in 18 USC. 2256(2) and (8)], including photographs, images, books, Writings, drawing, videos, and electronic material.

(E) The defendant shall successfully participate in a Program of sex offender counseling, as directed by the Probation Office. The defendant shall also pay any Associated costs as directed by the Probation Office.

(F) The defendant shall successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by the Probation Office. The defendant shall also pay any associated cost as directed by the Probation Office.

(G) The defendant will not have contact with the victim/s in this case, to include any physical, visual, written, telephonic or electronic contact with such person/s. Additionally, the defendant shall not directly or indirectly cause or encourage anyone else to have such contact with such person/s.

(H) The defendant's place of residence may not be within 1,000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children.

(I) The defendant is barred from places where minors (under the age of 18) congregate; such as residences, Parks, pools; daycare centers, playgrounds and schools, Unless prior written consent is granted by the Probation Office.

(K) The defendant shall not posses or use any computer or electronic device with access to any on-line computer service without the prior approval of the Probation Office. This includes any public or private computer networks.

(L) The defendant shall consent to having installed any hardware or software systems on his/her computer (s) to

monitor computer use. The defendant shall pay associated costs as directed by the Probation Office.

(M)The defendant shall not maintain or create a user account on any social networking site (ie MySpace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile users under the age of 18.

(N) The defendant shall consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background or any computer-related restrictions that have been imposed.

AGRUMENT

Because "[c]ongress intended supervised release to assist individuals in their transition to community life…[and] [s]upervised release fulfills rehabilitative ends, Distinct from those served by incarceration, "United States V Johnson, 529 u.s. 53, 59 (2000); see also United States v Campie, 494 Fed. Appx 700, 701 (8th Cir. 2012) citing United States v. Love, 19 F:3d 415, 417 n.4 (8th Cir 1994 )), this Court should focus On whether Mr. RINGER condition of supervised release are based on the ultimate goal of rehabilitation and deterrence when considering the contested restrictions.

With this in mind, the Court has the discretion to impose special conditions of supervised release, but that discretion is limited by 18 U.S.C. §§3583 (d) and 3586 (b); See also United States v. Phillips, 185 F.3d 282, 283 (8th Cir. 2015). Any discretionary special condition of supervised release must:
(1) be reasonably related to the defendant's characteristics, the nature of the offense and the goals of supervised release,
(2) Involve no greater deprivation of liberty than is reasonably necessary to accomplish the goals of supervised release, and
(3) Be consistent with any pertinent policy statements issued by the Sentencing Commission to 28 U.S.C § 994 (a).

"The discretion to impose special conditions of supervised release is limited by 18 U.S.C. § 3583 (d)."
Id. At 284. (when crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements. Id. (citing United States v. Weidower 634 F. 3d 490, 493 (8th Cir. 2011). Based on these precedents, this Court should modify the following conditions it specified in Mr. Ringer's Judgment and Commitment order as follows:

I. CONTACT WITH A PERSON UNDER THE AGE OF 18 EVEN IN THE PRESENCE OF AN APPROVED RESPONSIBLE ADULT IS UNREASONABLE

This Court in the Case imposed a "special" condition of supervised release that states:

(Special Condition C) The defendant will not associate or have contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offence and who has been approved by the Probation Office.

The Seventh Circuit has held that the plain language of this condition is so broad that "contact, being undefined, could be understood to mean served by a waitress, paying a cashier, sitting next to a girl (a stranger) at a baseball game, replying to a girl asking directions, or being shown a friend's baby—or his own baby for that matter [and] as written, the condition… is an abuse of discretion." United States v. Taylor 796 F. 3d 788, 796 (7th Cir. 2015) (citing United States v. Thompson, 777 F. 3d 368, 376 (7th Cir. 2015). For this reason alone, Mr. RINGER is entitled to have this condition modified.

But this has been entirely vacated in some cases. See United States v. Baker, 755 F. 3d 515, 526-27 (7th Cir 2014) (deprived of contact with his own children)

Other circuits have upheld this condition based on aggravating circumstances; however, Mr. RINGER was a minor when he committed his offense in 2002 and has committed no new sex offenses.

The provision "except in the presence of a responsible adult who is aware of the nature of your background and current offense and who has been approved by the probation officer" is unreasonable. This provision would require an approved responsible adult to escort Mr. RINGER every time he leaves his home to go shopping, visit friends, or for recreation. This equates to imprisonment of home confinement (similar to GPS tracking) and allows for no freedom outside his home. This provision would also keep Mr. RINGER from being a father to his kids and a stepfather to his fiancé kids when married.

Considering that the recidivism rate of a sex offender who committed their offense as a juvenile is less than 8%, (see 152 Cong. Rec. S8012-02, S8023 (daily ed. July 20, 2006) (statement of Sen. Kennedy)) Mr. RINGER requests the Court to either modify this condition to properly reflect one that is reasonably related to his specific crime and involves no greater deprivation of liberty than reasonably necessary to accomplish those goals, or in the alternative, vacate this condition entirely because he has committed no new sex offences and has only one past sex offence as a juvenile.

II A COMPLETE BAN OF PORNOGRAPHIC/EROTIC MATERIAL OR THAT WHICH DESCRIBES SEXUALLY EXPLICIT CONTENT IS VAGUE AND OVERBROAD

Another "Special" condition of supervised release imposed by the sentencing judge reads:

(Special Condition No. d) The defendant neither possess nor have under his control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence toward children or child pornography [as described in 18 U.S.C. § 2256 (2) & (8)], including photographs, image, book, writings, drawings, videos, and electronic material.

Read literally, this provision might preclude Mr. RINGER from using a computer or entering a library—irrespective of what he views in either place—because both are locations where "pornographic/erotic" material or things "that describe sexually explicit conduct" is available. "Indeed, he might not be able to ride the bus, enter a grocery store, watch television, open a magazine or newspaper, read a classic like Romeo and Juliet, or even go out in public (given the ubiquity of advertisements that use potentially sexually oriented or sexually stimulating images to pique consumer interest). More practically, how can we tell which image or voices are sexually stimulating for [Mr. Ringer]? United States V. Adkins, 743 F.3d 176, 194 (7th Cir. 2014). In addition, a complete ban on possessing or controlling material that "describes sexually explicit conduct" would prevent Mr. RINGER from reading the Bible or other religious material because they describe sexually explicit conduct. United States V. Siegel, 753 F.3d 705, 712 (7th Cir 2014). It would also prevent Mr. RINGER's fiancé from being intimate with him and the freedom to express herself through texts messaging or letters.

"Short of having a Probation Officer follow [Mr. RINGER] twenty-four hours a day, there is no way to prevent [him] from viewing pornographic/erotic images, save completely isolating him from society. United States v. Smith, 472 F.2d 960, 952 (8th Cir. 1992); accord United States vs Harris, 794 F.3d 885, 889 (8th Cir. 2015) (citing Smith). Therefore, as an unworkable condition, it is necessary that this condition be modified or vacated.

### III  SUCCESSFULLY PARTICIPATE IN SEX OFFENDER COUNSELING

In this case, the sentencing judge imposed a "Special" condition of supervised release:

(Special Condition No. E) The defendant shall successfully participate in a program of sex offender counseling, as directed by the Probation Office. The defendant shall also pay associated costs as directed by the Probation Office.

Mr. RINGER is currently on supervised release for failure to register as a sex offender which is not a sex offence. Mr. RINGER was a minor when he committed his prior sex offence and was sentenced under the Ohio Juvenile Delinquency guidelines in 2002. Mr. RINGER was required to successfully participate in sex offender treatment and complete it before his release and a victim awareness class. Since he was a minor when the sex offence occurred, the State of Ohio kept Mr. RINGER in the Juvenile system to encourage treatment and rehabilitation, not to punish, but to assist him in becoming a productive member of our society.

The fact that Mr. RINGER was a minor when his sex offence occurred, he has completed sex offender treatment, no new sex offences and the time that has past since his prior offence, would ask the Court to vacate this condition.

IV      PROGRAM OF POLYGRAPH TESTING IS UNCONSTITUTIONAL

In this case, the sentencing judge imposed a "special" condition of supervised release:

(Special Condition No. f) The defendant shall successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by Probation Office. The defendant shall also pay any associated cost as directed by the Probation Office.

The Tenth Circuit has held that certain questions on the polygraph are unconstitutional and violates the 5th Amendment, see United States v. Brian Von Behring No. 15-1033 (10th Cir. 2016). And the fact that it is impossible to read minds, the polygraph is an ineffective tool to assist in treatment and/or monitoring. Also, other factors can throw off a proper read on a polygraph such as stress at work, at home or feeling offended by the questions asked by the polygrapher. Although the polygraphee answered truthfully to the questions asked, a person's thoughts could wonder away and produce a false read.

With all of that said, Mr. RINGER would like to ask the Court to vacate this condition of supervised release.

V      NO CONTACT WITH VICTIM/S IN THIS CASE IS NO APPLICABLE

This Court imposed a "Special" condition:

(Special Condition No g) The defendant will not have contact with the victim/s in this case, to include any physical, visual, written, telephonic or electronic contact with such person/s. Additionally, the defendant shall not directly or indirectly cause or encourage anyone else to have such contact with such person/s.

Mr. RINGER was convicted of failure to register as a sex offender which is a paperwork crime and in this case is a victimless crime. The victim from the 2002 adjudication is Mr. Ringer's half brother and he has been in contact with him up till sentencing in this case. To banish Mr. RINGER from contact with his half-brother would hinder any closure that he might have about being victimized and help him recover from the trauma. It would also Hinder MR. RINGER from understanding and seeing the impact he's had on his half-brother's life which would promote empathy to prevent future sex crimes.1

VI      RESIDENCE RESTRICTIONS IS UNREASONABLE

This Court imposed a "Special" condition:

(Special Condition No h) The defendant's place of residence may not be within 1,000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children.

Considering most states have their own residences restrictions for registered sex offenders this condition should be vacated because most state and federal registration laws would already cover this condition in a hole. The fact Mr. RINGER sex offense happened when he was a minor and it is in the distant past, Mr. RINGER is not bound by registration restriction of residences in most states. Mr. RINGER is also not required to register in most states too because his sex offense happened when he was a minor and it was decided the he was not a sexual predator but a juvenile offender, Mr. RINGER would ask this Court to vacate this condition.

### VII BARRED FROM PLACES WHERE MINORS CONGREGATE IS UNREASONABLE

This Court imposed a "Special" condition:

(Special Condition No I) The defendant is barred from places where minors (under the age of 18) congregate; such as residences, parks, pools, daycare centers, playgrounds and schools, unless prior written consent is granted by the Probation Office.

To bar Mr. RINGER from places where minors congregate would essentially banish him from continually establishing a healthy relationship with his children. The fact that this case is not a sex offense and Mr. RINGER's prior sex offence happened when he was a minor should warrant a review for abuse of discretion to vacate. For Mr. RINGER not to be able to take his kids to parks, pools, playgrounds or be able to attend school programs would greatly hinder his ability to be a parent to his children. He has been in his kids' life since the day they were born and still has his rights as their father.
Mr. RINGER would ask this Court to vacate this condition of Supervised Release.

### VIII SHALL NOT POSSESS OR USE COMPUTER OR ELECTRONIC DEVICE WITH ACCESS TO ANY 'ON-LINE COMPUTER SERVICE' AND HAVING MONITOR SOFTWARE OR HARDWARE INSTALLED IS UNREASONABLE.

This Court imposed Two "Special" Conditions:

(Special Condition No. K) The defendant shall not possess or use any computer or electronic device with access to any 'on-line computer service' without the prior approval of the Probation Office. This includes any public or private computer network.

(Special Condition No. I) The defendant shall consent to having installed any hardware or software systems on his/her computer (s), to monitor computer use. The defendant shall pay any associated costs as directed by the Probation Office.

Both special conditions are almost the same, they restrict Mr. RINGER to 'on-line" computer services. Today almost all banking, job applications, bill paying, and even schooling is done online. To restrict access to those services can greatly hinder one's ability to gain employment, pay bills, check bank statements or have access to the wealth of knowledge on the internet would completely violate ones liberty

Mr. RINGER also has no history of any internet crimes to warrant this condition and this reason alone is grounds to vacate.

Mr. RINGER would like to ask this Court to vacate this condition.

IX    A COMPLETE BAN FROM CREATING OR MAINTAINING A SOCIAL MEDIA CITE IS UNCONSTITUTIONAL

Packingham v. North Carolina, 137 S. Cr. 1730, 198 L. Ed. 273 (2017) abolished a North Carolina law which made it a felony for registered sex offenders to access commercial social websites where the sex offenders know the site allowed minor children to become members or to create or maintain a personal web page. The Court declared unconstitutional a law that impermissibly restricts lawful speech in violation of the First Amendment. This past term the Court held:

> By prohibiting sex offenders from using social media websites, North Carolina with on stroke bars access to what for many are the principle sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and knowledge. Packingham, 198 L. Ed. 2d at 277. The statute here enacts a prohibition unprecedented in the scope of First Amendment Speech it burdens. Id.

Mr. RINGER's sentencing court imposed the following "Special" condition of supervised release:

(Special Condition No. m) The defendant shall not maintain or create a user account on any social networking site (i.e., MySpace, Facebook, Adultfreindsfinder, etc. that allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile users under the age of 18.

The obvious problem with this "Special" condition of supervised release is that it is even more broad than the North Carolina law the Supreme Court struck down last session. This "Special" condition of supervised release actually works to the detriment of Mr. RINGER in that, without access to social media, he may miss opportunities for employment, important news coverage of current events, and lose touch with friends, family, and his local community. There is no history of Mr. RINGER using social media to engage in any inappropriate behavior with minors or an adult for that matter.

For all these reasons, the "Special" condition that constitutes a complete ban of social networking is overbroad and should be vacated.

    X    **THIRD-PARTY DISCLOSURE TO ANY EMPLOYER IS UNREASONABLE**

This Court imposed a "Special" condition:

(Special Condition No. n) The defendant shall consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background or any computer-related restriction that have been imposed.

This condition is unreasonable because it give the probation officer the obligation to disclosure to an employer about Mr. RINGER history or criminal background. Since Mr. Ringer history has one sex offence from when he was a minor and was keep in juvenile court for that offence, it would disclose to an employer a seal document that the general public has no access to. It would also greatly hinder Mr. RINGER from being able to or maintain a job because of the stigma the comes with being a sex offender. Mr. Ringer would ask this Court to modify the wording or vacate this condition entirely to promote Mr. RINGER to maintain gainful employment.

## CONCLUSION

For all the aforementioned reasons, Mr. RINGER respectfully requests this Honorable Court modify his conditions of supervised release.

Submitted this _4th_ day of _December_ 2019

_____
**John William Ringer Pro Se**
**11 S Church St**
**Jamestown, OH 45335**

**CERTIFICATE OF SERVICE**

I, John W. Ringer, here by certify that on the 4th day of December, 2019, I placed in MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE With U.S. Postal Service for mailing to the following parties:

_____
**John William Ringer**